M. FRIIS-HANSEN *v.* UNITED STATES

No. 7625.—Entered at New York, N. Y., December 3, 1946.
Baggage entry No. 12524, declaration No. 556231.
Vessel, Falstria.

(Order dated November 15, 1948)

*Lawrence, Tuttle & Harper* (*George R. Tuttle* and *Eugene F. Blauvelt* of counsel) for the plaintiff.

*David N. Edelstein,* Assistant Attorney General (*Joseph E. Weil* and *Guy Gilbert Ribaudo,* special attorneys), for the defendant.

## ORDER

TILSON, Judge: This so-called appeal for reappraisement involves a BAGGAGE DECLARATION AND ENTRY, which appears to have been filed at the port of New York on December 3, 1946. Two hearings have been had in this matter, one at San Francisco, California, on August 28, 1947, and another at New York on March 11, 1948. At the hearing at San Francisco the testimony of the party who filed this declaration was taken and the matter transferred to New York. At the hearing in San Francisco Government counsel moved to dismiss this so-called appeal on the ground that plaintiff is appealing from his entered value and there has not been any advance.

At the subsequent hearing held in New York, counsel for the respective parties agreed as follows:

It is stipulated by counsel that the entry the subject of this appeal was not acted upon by the Appraiser, Assistant Appraiser, or Deputy Appraiser, or Acting Appraiser, at the port of New York, but was passed upon by one Harry Frumess, an examiner's aide, whose signature appears upon the back of the entry.

Counsel for the party who filed this declaration then moved that this appeal for reappraisement be dismissed upon the ground that no appraisement has been made. Counsel for the Government also at that time moved the court to suspend this proceeding under reappraisement number 165631–A, *Storer* v. *United States,* Reap. Dec. 7610. Both of these motions were taken under advisement by the court, and are now before me for disposition.

At the outset, I am faced with the question of whether or not the action taken and the proceedings had before this so-called appeal was filed, are sufficient, under the law, to give me jurisdiction of this case. In the case of *Sheldon* v. *United States,* 8 Ct. Cust. Appls. 215, the holding of our appellate court is epitomized in the syllabus, as follows:

All goods lawfully imported must be entered; there can be no appraisement without an entry and no certain determination or assessment of ad valorem duties without an appraisement. * * *

The record shows that the merchandise in this case was on the dock where it could have been inspected and examined by the proper appraising officials, and also that the importer was present and available to furnish such information as he had regarding the same and the proper value thereof, if and when requested by the appraising officials. Whether or not it is the practice of appraising officers to appraise im-

ported merchandise with the merchandise before them and the importer present, when the only entry before them is a baggage declaration and entry, customs Form 6063, we are not apprised. If such an entry does not preclude the appraising officers from appraising the merchandise, then it would appear that the merchandise in this case should have been appraised according to law so that the rights of all the interested parties might have been protected. If the appraising officials were not able to legally appraise this merchandise solely because of the insufficiency of the baggage declaration and entry filed in this case, then it would appear that they should have rejected this paper and required the importer to file a proper entry, so that the merchandise might have been appraised, and the interest of all thereby protected. In this connection, it should be remembered that the law provides that the collector may file an appeal for reappraisement if and when he determines that the value found by the appraiser is too low.

Whether or not the baggage declaration and entry filed in this case were sufficient for the appraising officials, the importer and the merchandise being present before them, to proceed to find a value for the merchandise, I am not here called upon to decide. The fact remains, however, that no appraisement of any kind has ever been made of this merchandise by any one. This being true, the provisions of the Customs Administrative Act of 1938, T. D. 49646, to the effect that the United States Customs Court shall in every case, notwithstanding that the original appraisement may for any reason be held invalid or void, determine the value of the merchandise, have no application to this case. The Customs Administrative Act clearly contemplates an appraisement of some kind, even if invalid or void. In this case there has been no appraisement of any kind by any one. There is, therefore, no appraisement which might be invalid or void. Until there has been an appraisement of some kind there is nothing from which or against which an appeal for reappraisement may be filed.

Under the facts in this case, no course is left open to me other than to dismiss this appeal. I therefore grant the motion of counsel to dismiss this so-called appeal, which renders it unnecessary for me to pass upon the motion to suspend.